LAND, J.
 

 Rayne State Bank obtained judgment against defendant on a promissory note, and defendant has appealed.
 

 1. Plaintiff bank, as the owner and holder for valuable consideration before maturity, sues defendant, Fernand Mouton, on a certain promissory note for the sum of $5,000, signed by defendant, and drawn to the order of the Interstate Rice Milling Company, and by it indorsed without recourse or warranty.
 

 The note is dated Rayne, La., April 11, 1921, is due December 30, 1921, bears 8 per cent, per annum interest from date, and provides for the payment of 10 per cent, attorneys’ fees, if placed in the hands of an attorney for collection at maturity.
 

 
 *942
 
 Defendant in his answer denies each of the allegations of plaintiff’s petition and sets up the following defenses:
 

 (a) That, while he executed the note sued upon, he did so as an accommodation to the Interstate Bice Milling Company.
 

 (b) That the debt to which the note sued upon was originally attached as collateral was a debt of a third person, and not a debt of Interstate Bice Milling Company.
 

 (c) That by the sale of the principal note, to which the note sued upon was attached as collateral, plaintiff’s rights as pledgee were lost.
 

 (d) That through collusion between plaintiff and Hibernia Bank & Trust Company, defendant and other preferred stockholders of Interstate Bice Milling Company were induced to grant a mortgage upon the properties of Interstate Bice Milling Company, under the pretense that the funds to be derived from the mortgage would be used for its own purposes by Interstate Bice Milling Company and the makers of the stock notes would be released from all obligations to pay same. That notwithstanding these promises made by the common agent of the Hibernia Bank & Trust
 
 Company
 
 and plaintiff, the
 
 former
 
 company foreclosed the mortgage and bought in the properties of Interstate Bice Milling Company, and the stockholder debtors were being sued, or threatened with suit, and the whole transaction was one implying bad faith, for which plaintiff is liable.
 

 2. These defenses will be disposed of in the following order: We fail to find any evidence in the record to prove the existence of any collusion between plaintiff, Bayne State Bank, and the Hibernia Bank & Trust Company, as charged by defendant, or that plaintiff was connected, directly or indirectly, with the alleged promises as to the release of defendant and other preferred stockholders as makers of stock notes.
 

 3. Nor do we find that the note sued upon was an accommodation note given by defendant to Interstate Bice Milling Company. This contention is based upon the following document:
 

 “State of Louisiana, Parish of Arcadia.
 

 “This writing evidences an agreement as follows:
 

 “That whereas, Fernand Mouton of the parish of Lafayette, Louisiana,
 
 has,
 
 at our solicitation and for our benefit,
 
 purchased preferred stock
 
 of the Interstate Bice Milling
 
 Company at the
 
 par value of $5,000.00,
 
 and has paid therefor, the said par value by note due December, 1921,
 
 we do hereby, each of us, individually and in solido, bind and obligate ourselves
 
 to purchase from said Fernand Mouton, the said stock at the same price that he has paid therefor,
 
 at any time on or before December 1, 1921,
 
 at the option of said Mouton,
 
 together with 8 per centum per annum interest on said $5,000.00 from date of
 
 Mouton’s purchase of the said stock
 
 up to the time that we purchase same from him.
 

 “[Signed] Interstate Bice Milling Co., per Edmond Weil, Pt.
 

 “[Signed] Jacques & Edmond Weil, per Edmond Weil.
 

 “This option to buy the above stock extended on or before December 31, 1925. This December 1, 1921.
 

 “[Signed] Interstate Bice Milling Co., per
 

 Ed. Weil, Pt.
 

 “[Signed] Jacques. & Edmond Weil, per Edmond Weil.”
 

 We find no ambiguity in the above agreement. It is plainly stated by the terms of the agreement that defendant
 
 purchased
 
 the stock with a note made by him for the sum of $5,000, which was accepted in payment of the par value of the stock. The mere stipula
 
 *944
 
 tion in this agreement to
 
 repurchase
 
 the stock from defendant
 
 at his option
 
 at any time on or before December 1, 1921, did not affect defendant’s ownership of the stock in the least, was not binding upon him, and, at any time during this option, he could have either sold the stock to a third person, or exorcised the option, as he might prefer. The note for $5,000 given by defendant was clearly for a valuable consideration, and not merely an accommodation note for the convenience of Interstate Rice Milling Company.
 

 Notwithstanding the clarity of the stock purchase agreement, parol evidence was admitted over objection on the trial to prove • the intent of the parties. Defendant testified that the note was given by him as an accommodation note only. The stock purchase agreement was prepared by the attorney of defendant, upon statements made to him by defendant as to the nature of the agreement existing between defendant and Interstate Rice Milling Company, which in the beginning was a verbal agreement only. In our opinion, parol testimony was not admissible to contradict, vary, or alter the written agreement between the parties, which is free from all ambiguity, and objection to this testimony should have been sustained by the trial judge, as neither fraud nor error in connection with this agreement is alleged or proved in the case.
 

 4. The evidence in the case fails to show that the note sued upon was given originally as collateral to a third person.
 

 The note in question is a renewal note. The original was executed in August, 1920, and the original and the renewal note were attached, in the first instance, as collateral to two notes executed by Interstate Rice Milling Company in favor of Jacques and Edmond Weil and indorsed by them. In December, 1921, the Rayne State Bank discounted one of these notes for $15,000, maturing December 27, 1921, and also the other note for $14,000. Through this discount the bank acquired the note of defendant as collateral.
 

 On December 8, 1921, Interstate Rice Milling Company executed a first mortgage-on its property at Rayne and a second mortgage on its property at Eagle Lake for the sum of $120,000. Plaintiff bank obtained through discount two of these notes, one for $10,000 and the other for $20,000. These two notes were also secured by a series of notes issued by stockholders of Interstate Rice Milling Company, including the note of defendant sued upon in this case. The $30,000* of mortgage notes were credited to the special account of Interstate Rice Milling Company on December 29, 1921, and that company used this money to take up their indebtedness of $29,000, consisting of the two notes for $14,000 and $15,000 maturing on December 27, 1921. By mutual agreement, of date December 8, 1921, between the Rayne State Bank and the president of Interstate Rice Milling Company, the note of defendant was still retained as additional security on the $30,000 mortgage notes.
 

 On November 7, 1925, Rayne State Bank purchased from Interstate Rice Milling Company the note of defendant and 28 other notes.
 

 It appears from the evidence that the note of defendant has remained from the beginning in the hands of plaintiff bank, either as collateral security or as owner, and was acquired prior to its maturity.
 

 5. The contention that, by the sale of the* principal note to which the note sued upon was attached, plaintiff’s rights as pledgee were lost, might have some merit if plaintiff were claiming rights as pledgee. Plaintiff’s right to the note, however, does not result .from pledge, but from a purchase of the note
 
 *946
 
 from Interstate Rice Milling Company, the bona fide owner.
 

 Judgment affirmed.
 

 O’NIELL, O. J., absent, takes no part.